## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION



Harold D. Robinson, Registered Nurse
    Plaintiff

v.

University of Detroit Mercy, Christine M. Pacini,
Michael P. Dosch, Andrea Teitel, Gregory
Bozimowski and Petra D. Hurt, Jointly and severally,
    Defendants.
_____/

SIMMONS LEGAL SERVICES, PLLC
By: Shawndrica N. Simmons (P70608)
Attorneys for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559
_____/

Case No.: _____

Honorable _____



**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**AND DEMAND FOR JURY TRIAL**

Now comes Plaintiff, by and through his attorneys, Simmons Legal Services, and for his Complaint against the University of Detroit Mercy, Christine M. Pacini, Michael P. Dosch, Andrea Teitel, Greg Bozimowski and Petra D. Hurt states as follows:

### NATURE OF CLAIMS

1. This is an action for deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution; for deprivation of Plaintiff's rights to freedom of speech, due process, and equal protection under the Michigan Constitution; and the common law theories of interference with an advantageous business relationship or expectancy, intentional infliction of emotional distress and unjust enrichment.

### JURISDICTION AND VENUE

2. Federal question jurisdiction is conferred by 28 USC §§ 1331, 1343(a)(1), and 1343(a)(2) over Plaintiffs' Constitutional claims.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

3. Venue is proper pursuant to 28 USC §1391, since all Defendants reside or are located in the Eastern District of Michigan and the events giving rise to this action occurred wholly or in part, in Wayne County, which is within the Eastern District of Michigan.

**PARTIES**

4. Plaintiff Harold Robinson ("Robinson") is a Registered Nurse and a resident of the State of Michigan and resides within the Eastern District of Michigan.

5. Defendant University of Detroit Mercy ("UDM") is a Michigan private, non-profit coeducational corporation operating within Wayne County, within the Eastern District of Michigan.

6. Christine M. Pacini ("Pacini") is a Registered Nurse, Doctor of Philosophy ("PhD"), and an individual residing within the Eastern District of Michigan, whom at all relevant times served as Dean of the College of Health Professions & McAuley School of Nursing at UDM.

7. Defendant Michael P. Dosch ("Dosch") is a Certified Registered Nurse Anesthesiologist ("CRNA"), (Master of Science ("MS") and PhD); and an individual residing within the Eastern District of Michigan, whom at all relevant times served as Associate Professor and Chair of the Nurse Anesthesia Program at UDM.

8. Defendant Andrea Teitel ("Teitel") is a CRNA, MS; and an individual residing within the Eastern District of Michigan, whom at all relevant times was an Assistant Director who served as a clinical director for students in UDM's Graduate Program of Nurse Anesthesiology (GPNA).

9. Defendant Gregory Bozimowski ("Bozimowski") is a CRNA, (Doctor of Practice (DNP); and an individual residing within the Eastern District of Michigan, whom at all relevant times served as an Assistant Professor and clinical director for students in UDM's GPNA.

10. Defendant Petra D. Hurt ("Hurt") is a CRNA, MS; and an individual residing within the Eastern District of Michigan, whom at all relevant times was an Assistant Program Director for students in UDM's GPNA and Affiliate Clinical Coordinator at St. Joseph Mercy Oakland-Ambulatory Surgical Center ("ASC").

## BACKGROUND FACTS

11. In February of 2012, Plaintiff Robinson was accepted into UDM's GPNA class that commenced in the Fall of 2012 and would graduate its students in December of 2014 ("2014 Graduating Class").

12. The 2014 Graduating Class was comprised of a total of 21 students: 16 women and 5 men. Plaintiff Robinson was the only African-American male student in the 2014 Graduating Class.

13. Defendant UDM's GPNA is a two year, full-time program.

14. Defendant UDM's GPNA falls under the College of Health Professions, of which Pacini was and is the Dean.

15. As dean, it was Pacini's job to lead and guide the school's staff and students toward achieving established objectives.

16. Students in Defendant UDM's GPNA are required to successfully complete clinical internships in order to obtain their graduate degrees.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

17. Defendants UDM, Dosch, Teitel and Bozimowski coordinate and oversee these internships, and works in conjunction with the field education/field placement sites to provide students avenues for meaningful practice experiences.

18. Students of UDM's GPNA are evaluated on their performance during these internships; copies of their evaluations are provide to students for their review and maintained in the students' files.

19. Most of the evaluations of Plaintiff Robinson's clinical internships were exceptional, and included such comments as "Great A-line insertion; great job in maintenance of whipple patient;" "Excellent care plan, anticipated and planned very well;" "Managed all cases well, hard worker…welcome back for more;" "Successful with difficult intubation…appropriately worked in dilaudid which made for smooth emergence and extubation…"

20. As is typical with any student in a learning program, a few of Plaintiff Robinson's evaluations during his clinical internships were not favorable, including evaluations received from Defendant Hurt and Defendant Teitel.

21. On or around January 31, 2013, during one of Plaintiff's clinical externships, Plaintiff received an emergency call that Plaintiff's father, who was hospitalized after having two strokes, was attempting to leave the hospital at which he had been admitted, against his physicians' orders.

22. Plaintiff's CRNA preceptor during the time that he received the call, Theresa Delpup dismissed Plaintiff for the day so that he could assist with handling the family emergency.

23. Although Ms. Delpup has dismissed Plaintiff for the day, Defendant Hurt reported in Robinson's evaluation that Plaintiff had left his clinical area without permission. Defendant Hurt's representation was untrue.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

24. On or around April 15, 2014, Defendant Teitel gave Plaintiff Robinson a "does not meet" evaluation due to Plaintiff's delay in spiking an IV for a child patient.

25. Plaintiff advised Defendant Teitel that the reasonable delay was due to his following the standard procedure of first determining whether the child had an existing IV before spiking a new bag; Plaintiff further explained that since the physician had not yet arrived in the child's room, there was time to make this determination.

26. Defendant Teitel responded to Plaintiff that his explanation didn't matter because she was "picky."

27. Some time during May of 2014, Defendant Dosch was contacted by Emily McNeil ("McNeil") concerning certain alleged occurrences during Plaintiff's clinical exercises at Mott Hospital.

28. When Plaintiff learned of McNeil's contact with Defendant Dosch, Plaintiff e-mailed Defendant Dosch to offer an accurate accounting of the circumstances.

29. Defendant Bozimowski was copied on the e-mail to Defendant Dosch, and although it was certainly Plaintiff's right, and arguably, his obligation, to give Defendant Dosch a true recounting of the facts, Defendant Bozimowski lambasted Plaintiff for sending the e-mail.

30. Soon thereafter Defendant Bozimowski papered Plaintiff's file with performance counseling narratives that Plaintiff never saw, thereby depriving Plaintiff of the opportunity to defend himself.

31. Not long after Defendant Bozimowski met Plaintiff's wife, who is Caucasian, Bozimowski, a Caucasian male, began behaving differently toward Plaintiff, including yelling insults at him in front of the 2014 Graduating Class to the degree that one of the staff members had to interrupt Defendant Bozimowski's tirade so that class could proceed.

32. On at least one occasion, Defendant Bozimowski remarked to the 2014 Graduating Class that a procedure he'd asked Plaintiff to perform "was so easy, even a monkey could do it."

33. Defendant Bozimowski did not yell at any of Plaintiff's classmates, and did not make "monkey" remarks about or toward any of them.

34. On September 22, 2014, just a little over two months before Plaintiff Robinson was to graduate from the UDM GPNA, Plaintiff Robinson was dismissed from the GPNA.

35. The persons who comprised Plaintiff's dismissal committee we: (a) Defendant Dosch, whom Plaintiff had already contacted regarding a negative interaction with McNeil; (b) Defendant Hurt, who'd given Plaintiff a negative evaluation containing blatant untruths; (c) Defendant Bozimowski, who had publicly insulted, humiliated and discriminated against Plaintiff, and who had unfairly and capriciously papered Plaintiff's file with narratives that Plaintiff had not seen and could not therefore refute; and (d) Defendant Andrea Teitel , who also had given Plaintiff a negative evaluation.

36. No one selected to be on Plaintiff's dismissal committee viewed Plaintiff favorably, and none of the several dozen of instructors and professors who viewed Plaintiff favorably were selected to be on the dismissal committee.

37. Plaintiff Robinson appealed the dismissal but the Appeals Committee upheld the dismissal.

38. The Appeals Committee was comprised of: (a) Defendant Teitel, now chairperson of the Appeals Committee who had served on Plaintiff's dismissal committee and had written an unfavorable evaluation of Plaintiff; (b) Pete Skellenger – a junior student also in the UDM GPNA who was supervised, and ultimately could be dismissed by Defendant Bozimowski and/or have unfavorable evaluations written against him by Defendant Teitel; and (c) Jackie DenDoven, another CRNA.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

39. The Appeals Committee upheld Plaintiff's dismissal.

40. Although other students in the 2014 Graduating Class also had unfavorable evaluations, none of the other students were dismissed from the GPNA.

41. Because of the dismissal from Defendant UDM's GPNA prior to completion of the program, no other graduate school for nurse anesthesiology will accept Plaintiff as a student.

## COUNT I:
## FOURTEENTH AMENDMENT DUE PROCESS

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41 above.

43. Plaintiffs bring this claim pursuant to 42 U.S.C. §1983.

44. Acting under color of law, Defendants have engaged in conduct that violates Plaintiff's rights under Amendment XIV of the U.S. Constitution.

45. Amendment XIV of the United States Constitution holds, in pertinent part: "nor shall any state deprive any person of life, liberty, or property without due process of Law."

46. Plaintiff enjoys a constitutionally protected, fundamental right and interest in continuing his graduate school education.

47. Plaintiff enjoys a constitutionally protected property interest in continuing his graduate school education.

48. Plaintiff's reputation and his opportunity to pursue future employment constitute a constitutionally protected liberty interest.

49. Defendants' dismissal of Plaintiff from Defendant UDM's GPNA was arbitrary and capricious and motivated by bad faith.

50. Under the Due Process Clause, each person has a property interest in their employment, in the terms of employment negotiated pursuant to contract, and in rights granted under state law and these rights may not be taken away without due process of law.

51. Plaintiff was not afforded an unbiased, careful and deliberate review process either prior to his dismissal or during the appeal of his dismissal from Defendant UDM's GPNA.

52. Defendants made false charges and accusations against Plaintiff which stigmatized him and severely damaged his opportunities for future employment.

53. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing his education in the GPNA, and his liberty interest in the opportunity to pursue future employment, Defendants' actions abridge Plaintiff of his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

54. At all times material to this, Plaintiff had a clearly established right to due process of law.

55. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

## COUNT II:
## FOURTEENTH AMENDMENT EQUAL PROTECTION

56. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 55 above.

57. Plaintiffs bring this claim pursuant to 42 U.S.C. §1983.

58. Acting under color of law, Defendants have engaged in conduct and adopted laws and policies that violated Plaintiffs' rights under Amendment XIV, §1 of the U.S. Constitution.

59. Amendment XIV, § 1 states in pertinent part, "No state shall make or enforce any law which shall … deny to any person within its jurisdiction the equal protection of the laws."

60. Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

61. As an African-American, Plaintiff is a member of a protected class.

62. Defendants intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants deprived Plaintiff fair and equal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

63. Defendants Dosch, Teitel, Bozimowski, Hurt, and other agents, representatives and employees of Defendant UDM acting in concert with one another, acted out of vindictiveness and ill will toward Plaintiff.

64. The acts of Defendants Dosch, Teitel, Bozimowski, Hurt and other agents, representatives and employees of Defendant UDM described above represent official policy of Defendant UDM and are attributable to Defendant UDM.

65. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## COUNT III:
## MICHIGAN CONSTITUTION-FREEDOM OF SPEECH

66. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 65 above.

67. Under the Michigan Constitution Art I § 5, "every person may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

68. Plaintiff has a right to be free from retaliation from exercising rights protected by the Michigan Constitution, including his right to speak freely with faculty regarding matters related to his experiences involving other clinical instructors in the clinical program.

69. Plaintiff's effort to speak freely with Defendant Dosch and/or other faculty about matters related to his experiences amount to an exercise of rights protected by the Michigan Constitution, including Plaintiff's right to free speech.

70. Defendants have retaliated against Plaintiff for exercising his constitutional rights by engaging in discriminatory treatment and by dismissing him from Defendant UDM's GPNA.

71. Defendants Dosch, Teitel, Bozimowski and Hurt, and other agents representatives and employees of Defendant UDM acting under color of law in concert with one another, showed intentional, outrageous and reckless disregard for Plaintiff's constitutional rights under the Michigan Constitution.

72. Defendants, Dosch, Teitel, Bozimowski and Hurt, and other agents representatives and employees of Defendant UDM acting in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

73. Defendants Dosch, Teitel, Bozimowski and Hurt, and other agents, representatives and employees of Defendant UDM acting in concert with one another, acted out of an intent to

punish Plaintiff for, and to deter him from exercising his right to freedom of speech under the Michigan Constitution.

74. The acts of Defendants Dosch, Teitel, Bozimowski, Hurt and other agents, representative and employees of Defendant UDM described above represent official policy of Defendant UDM and are attributable to Defendant UDM.

75. At all-time material to this, Plaintiff had a clearly established right to freedom of speech under the Michigan Constitution.

76. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

## COUNT IV:
## MICHIGAN CONSTITUTION- DUE PROCESS

77. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 76 above.

78. The Michigan Constitution Art I § 17 states in pertinent part that "No person shall be ………… deprived of life, liberty or property, without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed."

79. Plaintiff enjoyed a constitutionally protected fundamental right and interest, under the Michigan Constitution, in continuing his graduate education in nurse anesthesiology.

80. Plaintiff enjoyed a constitutionally protected property interest in continuing his graduate school education in nurse anesthesiology.

81. Defendants' dismissal of Plaintiff from Defendant UDM's GPNA was arbitrary and capricious and motivated by bad faith.

82. Plaintiff was not afforded an unbiased, careful and deliberate review process either prior to his dismissal or during his appeal of his dismissal from Defendant UDM's GPNA.

83. Defendants made false charges and accusations against Plaintiff which stigmatized him and severely damaged his opportunities for future employment.

84. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing his education in the GPNA and his liberty interest in the opportunity to pursue future employment, Defendants' actions abridge his right to due process of law in violation of the Michigan Constitution.

85. Defendants Dosch, Teitel, Bozimowski and Hurt, and other agents, representatives and employees of Defendant UDM acting in concert with one another, by their conduct, showed intentional, outrageous and reckless disregard for Plaintiff's constitutional rights under the Michigan Constitution.

86. Defendants Dosch, Teitel, Bozimowski and Hurt, and other agents representatives and employees of Defendant UDM acting in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

87. The acts of Defendants Dosch, Teitel, Bozimowski, Hurt and other agents, representatives and employees of Defendant UDM as described above represent official policy of Defendant UDM and are attributable to Defendant UDM.

88. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity,

mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

## COUNT V:
## MICHIGAN CONSTITUTION – EQUAL PROTECTION

89. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 88 above.

90. Under the Michigan Constitution Art I § 2, no person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin.

91. Plaintiff, a Michigan resident, has a right to fair and equal treatment under the law, as guaranteed by the Michigan Constitution.

92. Defendants intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment.

93. In so doing, Defendants deprived Plaintiff of fair and equal treatment under the law in violation of the Michigan Constitution.

94. Defendants Dosch, Teitel, Bozimowski and Hurt, and other agents representatives and employees of Defendant UDM acting in concert with one another, by their conduct, showed intentional, outrageous and reckless disregard for Plaintiff's constitutional rights.

95. Defendants Dosch, Teitel, Bozimowski, Hurt and other agents, representatives and employees of Defendant UDM acting in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

96. The acts of Defendants Dosch, Teitel, Bozimowski, Hurt and other agents, representatives an employees of Defendant UDM described above represent official policy of Defendant UDM and are attributable to Defendant UDM.

97. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

## COUNT VI:
## ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY

98. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 97 above.

99. In common law there is a claim of intentional interference with an advantageous business relationship or expectancy of such.

100. Elements of intentional interference include conduct that prevents the Plaintiff from acquiring the prospective relationship in addition to conduct that induces or otherwise causes a third person not to enter into a prospective relationship.

101. Plaintiff had an advantageous business relationship or expectancy with Defendant UDM via a student and higher learning institution contractual agreement.

102. Defendants Dosch, Teitel, Bozimowski and Hurt were aware of Plaintiff's contract or advantageous business relationship or expectancy with Defendant UDM.

103. Defendants Dosch, Teitel, Bozimowski, Hurt, for personal reasons and personal benefit, intentionally, improperly, and without justification interfered with Plaintiff's advantageous business relationship or expectancy with Defendant UDM.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

104. Defendants Dosch, Teitel, Bozimowski and Hurt acted with malice in interfering with Plaintiff's business relationship or expectancy with Defendant UDM.

105. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

## COUNT VII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

106. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 105 above.

107. In common law there is the tort of intentional infliction of emotional distress.

108. The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.

109. Defendants' conduct as described throughout this Complaint was intentional.

110. Defendants' conduct as described throughout this Complaint was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

111. Defendants' conduct resulted in severe and serious emotional distress to Plaintiff.

112. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury and damages, including but not limited to, monetary damages, loss of his graduate school education and Master of Science degree, time, resources, loss of career opportunities, earning capacity, mental, emotional distress, anxiety, mental anguish, humiliation, embarrassment; and loss of personal and professional reputation.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## COUNT VIII:
## UNJUST ENRICHMENT

113. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 112 above.

114. Unjust enrichment is a general equitable principle of law that no person should be allowed to profit at another's expense without making restitution for the reasonable value of any property, services, or other benefits that have been unfairly received and retained.

115. Plaintiff alleges that Defendant UDM has and continues to be unjustly enriched while Plaintiff has been unfairly prevented from achieving his Master of Science Degree.

116. As a result of his admission into and partial completion of Defendant UDM's GPNA, Plaintiff incurred expenses, and borrowed student loans in a cumulative amount of more than $89,000.00

117. Defendant UDM has been unjustly enriched by what portion of these expenses it already has collected since its and other Defendants' unfair, arbitrary, and capricious deprivation of Plaintiff's property interest in and fundamental right to complete his graduate education; and Defendant UDM will continue to be unjustly enriched as Plaintiff continues repayment to Defendant UDM for an education he was unfairly, purposely and maliciously disallowed from completing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendant UDM and Defendants Pacini, Dosch, Teitel, Bozimowski and Hurt, in their individual and official capacities providing:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1. An order reinstating Plaintiff to the University of Detroit Mercy Graduate Program of Nurse Anesthesiology and placing him in a position he would have been in but for Defendants' wrongdoing;

2. For declaratory relief holding that Defendants violated Plaintiff's rights;

3. For injunctive relief restraining the Defendants from any further acts of wrongdoing and/or retaliation;

4. For liquidated, compensatory, and punitive damages in an amount fair and just under the circumstances;

5. For interest, attorneys' fees and costs; and

6. For such further relief as is just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all claims alleged herein.

Dated: October 21, 2016                    Respectfully Submitted,

                                           /s/ Shawndrica N. Simmons
                                           SIMMONS LEGAL SERVICES, PLLC
                                           77 Bagley St.
                                           Pontiac MI 48341
                                           (248) 732-7559
                                           legalservices@shawndricasimmons.com
                                           P70608

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: **University of Detroit Mercy**: 4001 W. McNichols Rd., Detroit MI 48221; **Christine M. Pacini**: 35910 Johnstown Rd., Farmington Hills MI 48335-2024; **Michael P. Dosch**: 1343 Cadieux Rd., Grosse Pointe Park MI 48230-1231; **Andrea Teitel**: 4861 Arrowhead Rd., West Bloomfield MI 48323; **Gregory Bozimowski**: 418 Marlin Ave, Royal Oak MI 48067-1368; and **Petra D. Hurt**: 3418 Warwick Dr., #78, Rochester Hills MI 48309.

/s/ Shawndrica N. Simmons
SIMMONS LEGAL SERVICES, PLLC
77 Bagley St.
Pontiac MI 48341
(248) 732-7559
legalservices@shawndricasimmons.com
P70608